United States District Court
Southern District of Texas
**ENTERED**
March 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DeIRA GLOVER,                            §
    Plaintiff,                        §
                                      §
v.                                       §        CIVIL ACTION NO. 1:22-cv-170
                                      §
ERIC GARZA, et al.,                      §
    Defendants.                       §

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 23, 2022, Plaintiff DeIra Glover – a pretrial detainee at the Cameron County Jail – filed a prisoner civil rights complaint against Defendants Eric Garza, Rafael Lucio and unnamed sergeants and lieutenants of the Cameron County Jail. Dkt. No. 1.  The crux of Glover's complaint is that he was denied his right to vote in the November 2022 general election. Id.  P

On February 3, 2022, the Defendants filed a motion to dismiss. Dkt. No. 17.  Glover has filed a response. Dkt. No. 19.

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss be granted.  Glover has pled no facts showing that he was denied the right to vote.

## I. Background

### A. Factual Background

Glover, a pretrial detainee at the Cameron County Jail, alleges that he was an eligible voter for the general election held on November 8, 2022. Dkt. No. 1, p. 2.

On October 11, 2022, Glover filed an inmate request form, "requesting to vote in the midterm elections." Dkt. No. 1, p. 2.  The next day, Sergeant Rafael Lucio responded to the request, stating, "We can see what we can do." Id.

On November 5, 2022, Glover spoke with an unknown jail official about his desire to vote. Dkt. No. 1, p. 2.  That official "reassured Plaintiff that he would have the

opportunity to vote." Id.  Glover later identified that jail official as Marco Dela-Reyes. Dkt. No. 19, p. 6.

On November 8, 2022, Glover did not vote in the election, despite his stated desire to do so. Dkt. No. 1, p. 2.

**B. Procedural Background**

On December 23, 2022, Glover filed suit against Cameron County Sheriff Eric Garza, Sgt. Rafael Lucio, and unknown lieutenants and sergeants of the Cameron County Jail. Dkt. No. 1.  Glover seeks relief under § 1983, alleging that the Defendants violated his constitutional right to vote. Id.  Glover also moved to proceed in forma pauperis. Dkt. No. 2.

On December 27, 2022, the Court granted the motion to proceed in forma pauperis, ordering the U.S. Marshal Service to complete service on the Defendants. Dkt. No. 6.

On February 3, 2023, the Defendants timely filed a motion to dismiss. Dkt. No. 17. The Defendants argue that Glover failed to plead that he was registered to vote or that he filed an application to vote by mail, failed to identify any involvement on the part of Garza or any unconstitutional act undertaken by any defendant. Id.

On February 22, 2023, Glover filed a response. Dkt. No. 19.  In that response, Glover argues that dismissal is inappropriate because there are evidentiary issues that need to be decided. Id.  He also moved to amend the complaint to identify Marco Dela-Reyes as one of the unknown defendants, amend a claim that he was denied his right to vote under the Texas Constitution, and to add a claim for injunctive relief to have the Court order the Sheriff to make information about the right to vote available to all pretrial detainees. Dkt. No. 19.

On February 28, 2023, the Court noted that Glover had the right to amend his complaint as a matter of course and granted the motion to amend. Dkt. No. 20.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

### B. In Forma Pauperis

Federal law requires the Court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

"[Section] 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis ('IFP'), and also does not distinguish between dismissals as frivolous and dismissals for failure to state a claim." Ruiz v. U.S., 160 F.3d 273, 274 (5th Cir. 1998). A dismissal for failure to state a claim upon which relief can be granted,

under § 1915A, is examined under the same standards as those applicable to Fed. R. Civ. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

### C. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

## III. Analysis

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). Even granting Glover this leeway, he still fails to state a claim upon which relief can be granted against the Defendants.

4

**A. Right to Vote**

At its core, Glover's complaint is that the Defendants interfered with his right to vote. He has failed to state a claim upon which relief can be granted.

The Court begins by noting that the "right to vote is a fundamental right protected by the Fourteenth Amendment." Hall v. Louisiana, 108 F. Supp. 3d 419, 438 (M.D. La. 2015) (citing Reynolds v. Sims, 377 U.S. 533, 561–62 (1964)). The Court will assume, for the sake of argument, that Glover was registered to vote in advance of the election. See TEXAS ELEC. CODE § 11.002(a)(6) (noting that a person must be registered to vote to be considered a qualified voter). However, Glover has failed to show that any defendant interfered with this right.

Under Texas law, a pretrial detainee has the right to vote early by mail. TEX. ELEC. CODE § 82.004. Under that same law, a pretrial detainee does not have the right to vote by personal appearance; that decision is left to the discretion of the sheriff. TEX. ELEC. CODE § 82.004(b) ("A voter confined in jail who is eligible for early voting is not entitled to vote by personal appearance unless the authority in charge of the jail, in the authority's discretion, permits the voter to do so."). Rather, the pretrial detainee must send a written and signed application, which includes their name, registered mailing address, their Texas identification card number or last four digits of their Social Security number and the address of the jail where they are confined. TEX. ELEC. CODE § 84.002. The detainee is not required to use an official form, just a paper which is signed by the detainee in ink. TEX. ELEC. CODE § 84.001(b)-(c).

Glover had the legal right to send an application by mail to the Elections Clerk and vote by mail. Glover has alleged no facts showing that any Defendant interfered with this right or attempted to dissuade him from engaging in this right. Nor has Glover pled that he attempted to seek a mail-in ballot and was denied the right to vote. Accordingly, he has not stated a claim to relief against any Defendant. Cass v. City of Abilene, 814 F.3d 721, 729 (5th Cir. 2016) ("Personal involvement [of the defendant] is an essential element of a civil rights cause of action."). His claims should be dismissed for failure to state a claim upon which relief can be granted.

### B. **Respondeat Superior**

Even if Glover had shown that any defendant interfered with his right to vote, his claims against Garza are still subject to dismissal.  Glover seeks relief against Garza for the actions or inactions of his subordinates, who allegedly denied Glover the right to vote.  On its face, Glover has failed to state upon which relief can be granted.

"An official cannot be held liable under § 1983 based solely on the theory of respondeat superior." Marquez v. Woody, 440 Fed. App'x. 318, 324-25 (5th Cir. 2011) (unpubl.) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).  Absent a showing that Garza was personally aware of the denial of Glover's right to vote, he cannot recover against him. Blaylock v. Revell, 67 Fed. App'x. 243 (5th Cir. 2003) (unpubl.) (citing Baskin v. Parker, 602 F.2d 1205, 1207-08 (5th Cir. 1979)).  Glover has not pled any facts showing any personal involvement by Garza.  Accordingly, any claims made against Garza should be dismissed for failure to state a claim upon which relief can be granted.

### C. Texas Constitution

Glover has raised a claim that he was deprived of his right to vote in violation of Article 6, Section 2 of the Texas Constitution.  This claim is legally frivolous.

To the extent that Glover seeks monetary damages for any alleged violation of the Texas Constitution, such claims are foreclosed under the law.  See Reynolds v. City of Com., Texas, 853 F. App'x 978, 980 (5th Cir. 2021) (noting that there is no private right action for damages under the Texas Constitution).  However, Glover may seek equitable relief. Id.

Any such claims for equitable relief are frivolous.  This provision of the Texas Constitution holds that any mentally competent person who is over 18 and has not been convicted of certain felonies and has registered to vote is considered a qualified voter. ARTICLE 6, SECTIONS 1 AND 2, TEXAS CONSTITUTION.  These provisions make clear that "a qualified citizen shall not be denied the exercise of his suffrage." Mitchell v. Jones, 361 S.W.2d 224, 228 (Tex. Civ. App. 1962).  Glover has pled no facts showing that any official

denied him the exercise of his suffrage. There is no basis for equitable relief. See Grisel v. Everest Int'l, LLC, 2022 WL 714516, at *6 (Tex. App. Mar. 10, 2022), review denied (Aug. 12, 2022) (unless a plaintiff can demonstrate the breach of a legal right, he is not entitled to a remedy).

## IV. Recommendation

It is recommended that the motion to dismiss filed by the Defendants be granted. All claims made by DeIra Glover should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings.  If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on March 3, 2023.

_____
Ronald G. Morgan
United States Magistrate Judge